UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

April 24, 2017

LETTER TO COUNSEL

      RE:    *Alan D. Heaney, et al. v. Bank of America, N.A.;*
              Civil Case No. 1:16-CV-3538 ELH

Dear Counsel:

      Pursuant to Judge Hollander's order referring the case to me for discovery, [ECF No. 27], I have reviewed Plaintiffs' Motion to Compel Discovery ("Motion"), [ECF No. 26-1], Defendant's Opposition, [ECF No. 26-2], and Plaintiffs' Reply, [ECF No. 26-3]. No hearing is deemed necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the reasons set forth below, Plaintiffs' Motion will be DENIED.

### I.    BACKGROUND

      Plaintiffs Alan D. Heaney and Lurlene R. Heaney ("Plaintiffs") brought suit against Defendant Bank of America, N.A. ("BANA") alleging breach of a Confidential Settlement Agreement ("Agreement") between the parties, along with six other negligence and fraud-based claims. *See* [ECF No. 2]. The Agreement resolved claims stemming from BANA's conduct as the servicer for Plaintiffs' mortgage debt. *Id.* at 2.

      As part of the current litigation, Plaintiffs served discovery requests on BANA on December 30, 2016. *See* Def.'s Opp., [ECF No. 26-2, 1]. BANA served its answers to interrogatories and responses to requests for production on February 10, 2017. *Id.* The instant Motion followed on March 22, 2017. *See* [ECF No. 26-1]. The parties attempted to resolve this discovery dispute via telephone conference on April 11, 2017, to no avail. *See* [ECF No. 26].

### II.    COMPORTMENT WITH MARYLAND LOCAL RULES

      In filing the Motion, Plaintiffs failed to comply with Local Rule 104.8, which requires that motions to compel be served within 30 days of the time that the moving party receives unsatisfactory responses to discovery requests. *See* Loc. R. 104.8 (D. Md. 2016). Plaintiffs concede that the Motion was not timely filed, but argue that technical tardiness is not fatal. Pls.' Reply, [ECF No. 26-3, 1]. I agree. Both *Doe v. Nat'l Hemophilia Foundation*, 194 F.R.D. 516 (D. Md. 2000) and *Webb v. Green Tree Servicing LLC*, 2012 WL 3139551 (D. Md. July 27, 2012), cited by Defendants in support of dismissal due to tardiness, involved delay greater than 80 days and, in the case of *Webb*, delay beyond the discovery deadline. *Doe*, 194 F.R.D. at 618;

*Webb*, 2012 WL 3139551 at *1. In contrast, Plaintiffs filed their Motion 40 days after receiving BANA's answers and well before the discovery deadline in the revised Scheduling Order, [ECF No. 20]. *See Tucker* v. *Ohtsu Tire & Rubber Co.,* 191 F.R.D. 495 (D. Md. 2000) (granting in part plaintiffs' motion to compel filed little over 40 days after responses were served). Moreover, BANA does not allege, nor does the Court find, any prejudice BANA would suffer if Plaintiffs' Motion is considered. *Id.* at 497. Under these circumstances, tardiness alone does not warrant outright dismissal of Plaintiffs' Motion. However, Plaintiffs are reminded to adhere to the Local Rules as the case progresses.

### III. PLAINTIFFS' MOTION TO COMPEL

#### A. Parties' Substantive Arguments

According to Plaintiffs, as part of the Agreement, BANA agreed to transfer Plaintiffs' property in a way that did not require foreclosure proceedings. Pls.' Compl., [ECF No. 2, 3]. Interrogatory No. 23 asks BANA to, "[d]escribe the manner in which [it] received revenue or profits from servicing Plaintiffs' mortgage loan, and describe what effect, if any, collecting a late fee or penalty concerning Plaintiffs' mortgage loan would have had on [BANA's] said revenue or profits." Pls.' Mot., [ECF No. 26-1, 2]. In contrast, Interrogatory Nos. 24 and 25 are not specific to Plaintiffs' loan, and ask BANA to, "[d]escribe how [it] generated revenue from servicing mortgage loans as a mortgage loan servicer during the time of the occurrence," and to explain whether and why "collecting late fees or penalties in connection with [BANA's] servicing of mortgage loans had no effect whatsoever on [BANA's] revenue or profits[.]" *Id.* at 2-3. Plaintiffs argue that evidence of "a financial incentive to pursue foreclosure… would support [Plaintiffs'] allegation that [BANA] never intended to keep its promise to not pursue foreclosure[.]" *Id.* at 1. Plaintiffs claim that "proving that [BANA] had no intent to keep its promises at the time it made them … legally allows the jury to consider whether the promises constituted false statements for purposes of [Plaintiffs'] fraud-based claims[.]" Pls.' Reply, [ECF No. 26-3, 2].

In its Opposition, BANA maintains that Interrogatory Nos. 23-25 seek irrelevant information. Def.'s Opp., [ECF No. 26-2, 2]. First, BANA argues that Plaintiffs never explicitly identified the motivation for BANA's alleged breach, but "instead merely plead that BANA's intent 'may be inferred form (*sic*) the fact that Defendant never took steps to comply with its obligation … [and] never even considered whether it actually could perform its obligations.'" *Id.* at 5. Second, BANA avers that Plaintiffs' inquiry into "[p]otential revenues and/or profits from a hypothetical foreclosure" calls for impermissible speculation and is not relevant to the execution, enforcement, or purported violation of the Agreement. *Id.* at 6.

#### B. Legal Standard

Federal Rule of Civil Procedure 26(b)(1) permits discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." In determining proportionality, the Court must consider "the importance of the issues at stake in the

action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

### C. Discussion

Plaintiffs allege that the information sought is relevant to two of their claims: Count V (alleging violations of the Maryland Consumer Protection Act ("MCPA")) and Count VI (alleging fraud). Under the MCPA, a person may not engage in any unfair or deceptive trade practice related to the extension of consumer credit or the collection of consumer debts. *See, e.g., Piotrowski v. Wells Fargo Bank, N.A.*, 2013 WL 247549 *10 (D. Md. Jan. 22. 2013) (quoting Md. Code. Ann. Com. Law § 13-303). "Unfair or deceptive trade practices include any … [f]alse … or misleading oral or written statement … or other representation of any kind which has the capacity, tendency, or effect of deceiving or misleading consumers[.]" Md. Code. Ann. Com. Law § 13-301(1). To state a claim under the MCPA, a plaintiff must allege (1) an unfair or deceptive trade practice or misrepresentation that is (2) relied upon, and (3) causes them actual injury." *See, e.g., Boardley v. Household Finance Corp. III*, 39 F. Supp. 3d 689, 712-13 (D. Md. 2014) (internal quotations and citations omitted). Consequently, while Interrogatories Nos. 23-25 seek to uncover a profit motive underlying BANA's alleged "false statements of material facts[,]" Pls.' Compl., [ECF No. 2 at ¶ 49], Plaintiffs need not plead or prove intent to prevail under the MCPA. *Boardley*, 39 F. Supp. 3d at 712-13. Moreover, "[c]laims for unfair or deceptive trade practices under the MCPA sound in fraud and must be pleaded with particularity." *Smith v. Ocwen Loan Servicing, LLC*, 2016 WL 6780205 *8 (Nov. 16, 2016 D. Md. 2016) (citing *Haley v. Corcoran*, 659 F.Supp.2d 714, 724 n.10 (D. Md. 2009)). In their Complaint, Plaintiffs specifically charge that BANA acted "with the goal of having [Plaintiffs] waive their legal claims [then pending before the Fourth Circuit]." Pls.' Compl., [ECF No. 2, 3 & 5]. At no point, however, did Plaintiffs identify ulterior financial gain – broadly speaking or in the form of revenue-generating late fees and penalties, in particular – as a potential motive behind BANA's purported misconduct. As a result, the information sought through Interrogatory Nos. 23-25 is not relevant to Plaintiffs' MCPA claim as pleaded.

For a fraud claim under Maryland law, a plaintiff

> 'must show that (1) the defendant made a false representation to the plaintiff, (2) the falsity of the representation was either known to the defendant or the representation was made with reckless indifference to its truth, (3) the misrepresentation was made for the purpose of defrauding the plaintiff, (4) the plaintiff relied on the misrepresentation and had the right to rely on it, and (5) the plaintiff suffered compensable injury as a result of the misrepresentation.'

*Myles v. Rent-A-Car, Inc.*, 2015 WL 4129576 *2 (D. Md. July 7, 2015) (citing *Hoffman v. Stamper*, 867 A.2d 276, 292 (Md. 2005). Unlike the MCPA, the third element of fraud involves a defendant's intent to defraud. However, a defendant's underlying motivation for wanting to

*Alan D. Heaney, et al. v. Bank of America, N.A.*
Civil Case No. 1:16-CV-3538 ELH
April 24, 2017
Page 4

defraud the plaintiff need not be established. Furthermore, as noted above, fraud must be pled with particularity. *Id.* ("As a fraud claim, a plaintiff must also plead the circumstances of the false misrepresentation with particularity, pursuant to Rule 9(b)"). To the extent Plaintiffs raise BANA's ultimate purpose for breaching the Agreement in their Complaint, BANA's prospects of financial benefits are not mentioned. Accordingly, Interrogatory Nos. 23-25 are irrelevant to Plaintiffs' stated claim.

In addition to the relevance issue, looking at proportionality, the importance of Interrogatory Nos. 23-25 is unclear. The answer to the central question posed by these interrogatories (whether BANA derives profits from collecting late fees and penalties) appears self-evident. Moreover, the fact that BANA profits from collecting fees and penalties does not necessarily advance Plaintiffs' claims or establish that BANA would be unwilling to forgo foreclosure proceedings in a particular case. Interrogatory Nos. 24 and 25 are particularly burdensome because, while not hypothetical, they are posed generically and are not specific to Plaintiffs' mortgage loan. Thus, the burden of these interrogatories outweighs their likely benefit. For all of these reasons, Interrogatory Nos. 23-25 are impermissible under Federal Rule of Civil Procedure 26(b)(1).

**IV.    Conclusion**

For the reasons discussed above, Plaintiffs' Motion to Compel, [ECF No. 26-1], is DENIED.

Despite the informal nature of this letter, it will be flagged as an Opinion and docketed as an Order.

                                                                Sincerely yours,

                                                                /s/

                                                                Stephanie A. Gallagher
                                                                United States Magistrate Judge